UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LILA L. DECKER, Individually, and as Personal Representative for the Estate of GEORGE A. DECKER, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:09-CV-1361 (CEJ) ) |
| JOSEPH T. BOOKSTAVER, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to voluntarily dismiss defendants Festus Senior High School, Hancock High School, and College of the Ozarks, pursuant to Fed.R.Civ.P. 41(a)(2). Festus Senior High School and Hancock High School (collectively, "the schools") have filed a memorandum in opposition to the motion. The Missouri Attorney General, also named as a defendant, has filed a memorandum in support of plaintiff's motion. All issues are fully briefed.

### Background

In 2004, acting on the advice of financial adviser defendant Joseph Bookstaver, plaintiff Lila Decker and her husband George Decker terminated their existing trusts and created new revocable living trusts. The 2004 trusts provided in relevant part that, upon the death of both Lila and George, three perpetual charitable trusts would be established to benefit students attending the defendant schools.

George Decker died on February 26, 2009, and Lila Decker was appointed as the personal representative of his estate. Lila Decker initiated this action on her own behalf and as personal representative of the estate, alleging, *inter alia*, that the trusts were the product of fraudulent misrepresentations or undue influence. She seeks to void George Decker's 2004 trust or, alternatively, a declaration that she is entitled to withdraw the assets from the trust.

Plaintiff, supported by the Missouri Attorney General, moves to dismiss the schools because they are not beneficiaries of the George Decker Trust and thus are not proper parties. Plaintiff asserts that Missouri law designates the Attorney General as the proper party to represent the interests of unascertained beneficiaries. The schools oppose dismissal, arguing that they are intended beneficiaries of the George Decker Trust and that they alone can seek to enforce their interests.

### Discussion

"The nature of a charitable trust, in contrast to a private trust, determines who has standing to bring suit thereunder." State ex rel. Nixon v. Hutcherson, 96 S.W.3d 81, 83 (Mo. 2003) (*en banc*).

> The most important distinction between a private trust and a charitable trust is with reference to the beneficiaries. . . In the case of a charitable trust the beneficial interest is not given to individual beneficiaries, but the property is devoted to the accomplishment of purposes that are beneficial or are supposed to be beneficial to the community, and the persons who are to receive benefits from the trust need not be designated. <u>A charitable trust is enforceable at the suit of the Attorney General and ordinarily is not enforceable at the suit of any beneficiary</u>, although in some charitable trusts there may be beneficiaries having

> such special interest in the performance of the trust as to entitle them to maintain a suit to enforce it.

<u>Id.</u> (<u>quoting</u> Austin Wakeman Scott & William Franklin Fratcher, The Law of Trusts § 364 (4th ed. 1989) (emphasis added)).

The parties have not submitted a copy of the trust document nor cited to any relevant language it contains. However, in their answers to the complaint, the schools admit that the George Decker 2004 Trust provides that each year, or at such other intervals as the Trustee deems appropriate, the Trustee will set aside $50,000 from each trust to be distributed to unnamed students presently attending the defendant schools. According to the Attorney General, the trust further provides that the funds must be used for tuition and expenses at the three schools.[1] There is no assertion that the schools are to play any role in the administration or distribution of the funds from the trust.

Under Missouri law, a beneficiary is "a person that has a present or future beneficial interest in a trust, vested or contingent; or in a capacity other than that of trustee, holds a power of appointment over trust property." Mo.Rev.Stat. § 456.1-103(3). The defendant schools do not have a present or future interest in the trust or power of appointment over trust property and, therefore, they cannot be considered beneficiaries of the trust.

The schools claim that they are proper parties to this action by virtue of their "special interest" in the performance of the trust. They define that

---

[1] The Attorney General further notes that the defendant schools do not charge tuition.

interest as the intangible benefit that will accrue to them when students improve their performance in the hope of qualifying for scholarships. Under Missouri law, "interested persons" are defined as "beneficiaries and any others having a property right in or claim against a trust estate which may be affected by a judicial proceeding. It also includes fiduciaries and other persons representing interested persons." Mo.Rev.Stat. § 456.1-103(10). The intangible benefit the schools anticipate does not establish a property right in or claim against the trust. The schools are not interested persons under the statute.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to voluntarily dismiss defendants Festus Senior High School, Hancock High School, and College of the Ozarks pursuant to Fed.R.Civ.P. 41(a)(2) [Doc. #39] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of November, 2009.